UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

CHARAN R. BEHL and
HARISH K. PIMPLASKAR,

Defendants.

C.A. No. ___-____ ( )

06 1327

FILED

AUG 3 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## FINAL JUDGMENT AS TO DEFENDANT CHARAN R. BEHL

The Securities and Exchange Commission having filed a Complaint and Defendant

Charan R. Behl having entered a general appearance; consented to the Court's jurisdiction over

Defendant and the subject matter of this action; consented to entry of this Final Judgment

without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived

findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities

Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use

of any means or instruments of transportation or communication in interstate commerce or by use

of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact

or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;

or

(c)     to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

2

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $91,841.74, representing losses avoided as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $10,601.72, and a civil penalty in the amount of $91,841.74 pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1]. Defendant shall satisfy this obligation by paying $194,285.20 within ten business days to the Clerk of this Court, together with a cover letter identifying Charan R. Behl as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the

3

United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: August 31 , 2006

_____
UNITED STATES DISTRICT JUDGE

5