UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>100 F Street, N.E.<br>Washington, DC 20549,<br><br>                Plaintiff,<br><br>     v.<br><br>CHARAN R. BEHL and<br>HARISH K. PIMPLASKAR,<br><br>                Defendants. | C.A. No. 06-1327 (RMU) |

**NOTICE OF MOTION AND
MOTION FOR APPROVAL OF PLAINTIFF'S PROPOSED PLAN
<u>FOR DISTRIBUTION OF DISGORGED ASSETS</u>**

PLEASE TAKE NOTICE that, based upon the accompanying Memorandum of Points and Authorities, plaintiff Securities and Exchange Commission ("Commission") moves this Court for an order approving the Commission's Proposed Plan for Distribution of Disgorged Assets, a copy of which is enclosed with this motion. Counsel for the Defendants have informed Plaintiff's counsel that the Defendants do not oppose this motion.

                                                Respectfully submitted,

Dated:  October 4, 2007                  /s/ Ryan Farney
                                                Ryan Farney [D.C. Bar No. 480888]
                                                Securities and Exchange Commission
                                                100 F Street, N.E.
                                                Washington, D.C.  20549-6041
                                                (202) 551-4543
                                                (202) 772-9333 (fax)

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the Notice Of Motion and Proposed Plan for Distribution of Disgorged Assets, the supporting Memorandum of Points and Authorities, and a proposed Order have been sent by postage-prepaid, first-class U.S. mail, on October 4, 2007 to the following:

Robert S. Moraff, Esq.
Wayne Interchange Plaza I
145 Route 46 West
Wayne, NJ 07470
[Counsel for Defendant Charan R. Behl]

Randall R. Adams, Esq.
Poyner & Spruill LLP
130 South Franklin Street
Rocky Mount, NC 27804
[Counsel for Defendant Harish K. Pimplaskar]

      /s/ Ryan Farney

      Ryan Farney

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, DC 20549,

                Plaintiff,

v.

CHARAN R. BEHL and
HARISH K. PIMPLASKAR,

                Defendants.

C.A. No. 06-1327 (RMU)

---

**PLAINTIFF'S PROPOSED PLAN FOR DISTRIBUTION OF
<u>DISGORGED ASSETS</u>**

**A.   INTRODUCTION**

1.   On July 27, 2006, Plaintiff Securities and Exchange Commission (the "Commission") filed a settled civil injunctive action in this Court against defendants Harish K. Pimplaskar and Charan R. Behl (collectively, the "Defendants"), alleging that they engaged in insider trading in the securities of Pozen Inc. in violation of the antifraud provisions of the federal securities laws.

2.   Simultaneously with the filing of the Commission's Complaint, and without admitting or denying the allegations in the Commission's complaint, Defendants consented to the entry of final judgments that would permanently enjoin both of them from violating Section 10(b) of the Securities Exchange Act of 1934 [5 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].  In addition, Behl agreed to pay a

total of $194,285.20 in disgorgement, prejudgment interest and civil penalty; Pimplaskar agreed to pay a total of $35,000.00 in disgorgement, prejudgment interest and civil penalty.

   3.  Defendants satisfied their disgorgement obligations under the Final Judgments entered against them by this Court on August 31, 2006 by depositing $194,285.20 and $35,000.00, respectively, into the Registry of this Court. The Clerk of the Court has invested those funds in the Court Registry Investment System where the funds remain pending further order of this Court.

   4.  The Final Judgments entered in this action provide that the Defendants relinquish "all legal and equitable right, title and interest" in the disgorgement and interest each paid into the CRIS (collectively, the "Distribution Fund", defined below), and that "no part of the funds shall be returned to the Defendants."

   5.  By order dated October 26, 2006, the Court appointed Damasco & Associates as Tax Administrator of the Distribution Fund.

   6.  Pursuant to the Final Judgments, the Commission now respectfully submits its proposed plan for distributing those funds disgorged by the Defendants.

**B. DEFINITIONS**

   7.  "Distribution Fund" means the amount of money paid into the registry of this Court, which consists of the $229,285.20 deposited into the CRIS collectively by the Defendants, plus accrued interest thereon, less the Court Registry fee, taxes, and expenses of administering and implementing the distribution plan, and a reserve for unresolved taxes, penalties, and expenses.

8.    "Eligible Claimant" means an investor who purchased securities of Pozen Inc. (ticker: POZN) on May 28, 2004 that were sold or short-sold by the Defendants, and who retained those securities through the close of trading on June 1, 2004.  The identity of each Eligible Claimant was determined by the staff of the Commission's Division of Enforcement, which analyzed data from stock exchanges and brokerages to trace the shares sold and short-sold by the Defendants.  *See* Declaration of Ryan Farney, attached as Exhibit A.

9.    Each Eligible Claimant's "Loss" is the amount to be disbursed to each Eligible Claimant, which represents the difference between the purchase price of each share of Pozen Inc. purchased by the Eligible Claimant (excluding taxes, commissions and fees) and $6.23 (the price of Pozen Inc. at the close of the market on June 1, 2004), multiplied by the number of shares purchased.  For example, if an Eligible Claimant purchased 100 shares of Pozen Inc. for $9.23 a share, her Loss would be $300.00 ($9.23 - $6.23 x 100 shares).

## C. PAYMENT OF ELIGIBLE CLAIMS

10. Upon entry of an order approving this plan, the Clerk of this Court shall disburse funds to the following Eligible Claimants:

| Claimant | Shares purchased on May 28, 2004 and held through June 1, 2004 | Amount to be disbursed (Loss): |
|---|---|---|
| Timothy Mauro<br>345 Little Harbor Road<br>Portsmouth, NH 03801 | 36 @ $9.73/share | **$126.00** |
| Deutsche Bank Securities Inc.<br>(attention: Bill Brownlie)<br>60 Wall St.<br>New York, NY 10005 | 100 @ $9.7/share | **$347.00** |
| Credit Suisse Securities LLC<br>(attention: Alan Reifenberg)<br>1 Madison Avenue<br>9th Floor<br>New York, NY 10010 | 500 @ $9.73/share | **$1,750.00** |

11. Upon the disbursement of funds to the Eligible Claimants identified above, the Commission intends to move this Court for an order paying any remaining tax obligations of the Distribution Fund and any remaining fees of Damasco & Associates as Tax Administrator, and to remit the remainder of the Distribution Fund to the United States Treasury.

## D. PLAN COMMENT PERIOD

12 The Commission's staff has mailed a copy of the Plan to each of the Eligible Claimants and to counsel for each Defendant.

13. Any person wishing to comment on or object to the Plan must do so in writing by filing their comments with the Court within forty-five (45) days from the date this Plan is filed with the Court, with a copy to be served, by first-class mail, upon counsel of record for the Defendants and upon counsel for the Commission:

4

>Ryan Farney
>Securities and Exchange Commission
>100 F Street, N.E.
>Washington, D.C. 20549-6041

14. The Commission may respond to any comments so filed within sixty (60) days from the last date a comment may be filed, with copies of any such response to be filed with the Court and served by first-class mail upon counsel of record for the Defendants, and all persons who submitted comments to the Plan.

15. If the Court deems it necessary or appropriate, it will hold a hearing on the Commission's Plan.

>Respectfully submitted,

Dated: October 4, 2007

>/s/ Ryan Farney
>Ryan Farney [D.C. Bar No. 480888]
>U.S. Securities and Exchange Commission
>100 F St. NE
>Washington, DC 20549-6041
>Phone: (202) 551-4543
>Fax: (202) 772-9333

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, DC 20549,

           Plaintiff,

v.

CHARAN R. BEHL and
HARISH K. PIMPLASKAR,

           Defendants.

C.A. No. 06-1327 (RMU)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S PROPOSED PLAN FOR
<u>DISTRIBUTION OF DISGORGED ASSETS</u>**

Plaintiff Securities and Exchange Commission ("Commission") respectfully submits this Memorandum of Points and Authorities in support of its Proposed Plan for Distribution of Disgorged Assets in this action.

By order dated August 31, 2006, the Court entered Final Judgment as to Defendants Charan R. Behl ("Behl") and Harish K. Pimplaskar ("Pimplaskar") in this matter, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Pursuant to the Final Judgment, on or about September 5, 2006, defendant Charan R. Behl paid a total of $194,285.20 of prejudgment interest, disgorgement and penalty to the Clerk of this Court (the "Distribution Fund"). On or about September 8, 2006, defendant Harish K. Pimplaskar, pursuant to the Final Judgment, paid a total of $35,000.00 of prejudgment interest, disgorgement and penalty to the Distribution Fund. The Distribution Fund was thereafter deposited in an interest-bearing account, account number 1:06-CV-1327, under the case name designation "SEC v. Charan R. Behl and Harish K.

Pimplaskar." The Distribution Fund constitutes a Qualified Settlement Fund (QSF) under section 468B(g) of the Internal Revenue Code (IRC), 26 U.S.C. § 468B(g), and related regulations, 26 C.F.R. §§ 1.468B-1 through 1.468B-5.

By order dated October 26, 2006, the Court appointed Damasco & Associates to fulfill the tax obligations of the Distribution Fund.

The Commission now submits for the Court's approval a Proposed Plan for Distribution of Disgorged Assets that would result in the distribution of the above-mentioned funds. (A copy of the Plan is attached to the accompanying Motion). The monies to be distributed under the Plan would go to pay valid claims under the federal securities laws against Behl and Pimplaskar by reason of the securities transactions alleged in the complaint. These monies would be paid to six persons and entities that were contemporaneous buyers of the shares of Pozen Inc. (ticker: POZN) that the Defendants sold or short-sold while in possession of the material nonpublic information.

Under *SEC v. Certain Unknown Purchasers*, 817 F.2d 1018 (2d Cir. 1987), *cert. denied*, 484 U.S. 1060 (1988) and *SEC v. Levine*, 881 F.2d 1165 (2d Cir. 1989), the Commission has been vested with broad discretion in fashioning distribution plans for funds like the Distribution Fund in this case. The Commission's proposed plan is an appropriate distribution plan for the Distribution Fund. It would fairly compensate traders in the securities of Pozen Inc. who purchased shares that were sold or short-sold by the Defendants. These traders have been identified by Commission staff by tracing the movement of those shares sold by the defendants through data provided by national securities exchanges and by individual brokerages.

The Commission respectfully requests that the Court issue an Order in the form attached hereto approving its Proposed Plan for Distribution of Disgorged Assets.

After these finds are disbursed, the Commission intends to move this Court for an order disbursing funds to satisfy any remaining tax obligations and Tax Administrator fees of the Distribution Fund, and to remit the remaining balance to the United States Treasury.

## CONCLUSION

The Commission respectfully requests that the Court issue an Order in the form attached hereto approving its Proposed Plan for Distribution of Disgorged Assets.

Respectfully submitted,

Dated: October 4, 2007        /s/ Ryan Farney
                              Ryan Farney [D.C. Bar No. 480888]
                              Securities and Exchange Commission
                              100 F Street, N.E.
                              Washington, D.C.  20549-6041
                              (202) 551-4543
                              (202) 772-9333 (fax)