UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, DC 20549,

      Plaintiff,

  v.

CHARAN R. BEHL and
HARISH K. PIMPLASKAR,

      Defendants.

---

C.A. No. 06-1327 (RMU)

# NOTICE OF MOTION AND
# MOTION TO DISBURSE FUNDS TO PAY TAX OBLIGATIONS
# AND TO PAY FEES AND EXPENSES OF TAX ADMINISTRATOR,
# AND TO CLOSE DISTRIBUTION FUND

  PLEASE TAKE NOTICE that, based upon the accompanying Memorandum of Points and Authorities, plaintiff Securities and Exchange Commission ("Commission") moves this Court for an order approving the Commission's Motion to Disburse Funds to Pay Tax Obligations and to Pay Fees and Expenses of Tax Administrator, and to Close Distribution Fund, a copy of which is enclosed with this motion. Counsel for the Defendants have informed Plaintiff's counsel that the Defendants do not oppose this motion.

              Respectfully submitted,

Dated: December 7, 2007      /s/ Ryan Farney
                Ryan Farney [D.C. Bar No. 480888]
                Securities and Exchange Commission
                100 F Street, N.E.
                Washington, D.C. 20549-6041
                (202) 551-4543
                (202) 772-9333 (fax)

CERTIFICATE OF SERVICE

       I hereby certify that a copy of the Notice Of Motion and Motion to Disburse Funds to Pay Tax Obligations and to Pay Fees and Expenses of Tax Administrator, and to Close Distribution Fund; the supporting Memorandum of Points and Authorities; and a proposed Order have been sent by postage-prepaid, first-class U.S. mail, on December 7, 2007 to the following:

Robert S. Moraff, Esq.
Wayne Interchange Plaza I
145 Route 46 West
Wayne, NJ 07470
[Counsel for Defendant Charan R. Behl]

Randall R. Adams, Esq.
Poyner & Spruill LLP
130 South Franklin Street
Rocky Mount, NC 27804
[Counsel for Defendant Harish K. Pimplaskar]

                                                                           /s/ Ryan Farney
                                                                           Ryan Farney

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>100 F Street, N.E.<br>Washington, DC 20549,<br><br>                              Plaintiff,<br><br>          v.<br><br>CHARAN R. BEHL and<br>HARISH K. PIMPLASKAR,<br><br>                              Defendants. | C.A. No. 06-1327 (RMU) |

**MOTION TO DISBURSE FUNDS TO PAY TAX OBLIGATIONS
AND TO PAY FEES AND EXPENSES OF TAX ADMINISTRATOR,
AND TO CLOSE DISTRIBUTION FUND**

The Securities and Exchange Commission (the "Commission") respectfully requests that the Court enter an Order for the Clerk of the Court to: 1) disburse funds on deposit with the registry of the Court to pay certain tax obligations of the Distribution Fund in this case; 2) to pay certain fees and expenses of the Tax Administrator; and 3) to close the Distribution fund and transfer the entire remaining balance to the United States Treasury.

By order dated August 31, 2006, the Court entered Final Judgment as to Defendants Charan R. Behl and Harish K. Pimplaskar pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Pursuant to the Final Judgment, on or about September 5, 2006, defendant Charan R. Behl paid a total of $194,285.20 of prejudgment interest, disgorgement and penalty to the Clerk of this Court (the "Distribution Fund"). On or about September 8, 2006, defendant Harish K. Pimplaskar, pursuant to the Final Judgment, paid a total of $35,000.00 of prejudgment interest,

disgorgement and penalty to the Distribution Fund.  The Distribution Fund was thereafter deposited in an interest-bearing account, account number 1:06-CV-1327, under the case name designation "SEC v. Charan R. Behl and Harish K. Pimplaskar."  The Distribution Fund constitutes a Qualified Settlement Fund (QSF) under section 468B(g) of the Internal Revenue Code (IRC), 26 U.S.C. § 468B(g), and related regulations, 26 C.F.R. §§ 1.468B-1 through 1.468B-5.

By order dated October 26, 2006, the Court appointed Damasco & Associates to fulfill the tax obligations of the Distribution Fund.  Pursuant to that Order, the Tax Administrator is required to pay taxes in a manner consistent with treatment of the Distribution Fund as a QSF, and is to be compensated for the tax services provided.

By order dated November 20, 2007, the Court approved Plaintiff's Proposed Plan for Distribution of Disgorged Assets.  Pursuant to this order, monies from the Distribution Fund were transferred to victims of the Defendants' unlawful insider trading as identified by Plaintiff.  As these victims have now been compensated, the Distribution Fund may now be closed, and its remaining balance may be transferred to the United States Treasury.

For the Distribution Fund's fourth quarter 2007 taxes, the Tax Administrator has determined that the Distribution Fund should make a federal and District of Columbia income tax payment in the amount of $750.00.  See Declaration of Jude P. Damasco in Support of Request to Make Tax Payment, attached as Exhibit A.

For the Distribution Fund's 2007 tax returns, the Tax Administrator has determined that the Distribution Fund should make a federal and District of Columbia income tax payment in the amount of $100.  See Declaration of Jude P. Damasco in Support of Request to Make Tax Payment, attached as Exhibit B.

Additionally, since the last fee payment made to the Tax Administrator by order of the Court on March 20, 2007, the Tax Administrator has incurred fees and expenses of $2,015.63 for tax services provided to the Distribution Fund. See Declaration of Jude P. Damasco in Support of Fee Request, attached as Exhibit C.

Finally, the Commission moves for an order directing payment to the United States Treasury of all monies remaining in the Distribution Fund after the income tax obligations and the tax services fees are satisfied.

The Declarations have been reviewed by the undersigned Commission counsel who has no objections.

**WHEREFORE**, for all the foregoing reasons, the Commission respectfully requests that this Court enter the attached proposed Order and grant such other relief as it deems just and proper.

Dated:  December 7, 2007                        Respectfully submitted,

/s/ Ryan Farney
Ryan Farney [D.C. Bar No. 480888]
U.S. Securities and Exchange Commission
100 F St. NE
Washington, DC 20549-6041
Phone: (202) 551-4543
Fax: (202) 772-9333

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, DC 20549,

                Plaintiff,

      v.

CHARAN R. BEHL and
HARISH K. PIMPLASKAR,

                Defendants.

C.A. No. 06-1327 (RMU)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISBURSE FUNDS TO PAY TAX OBLIGATIONS
AND TO PAY FEES AND EXPENSES OF TAX ADMINISTRATOR,
<u>AND TO CLOSE DISTRIBUTION FUND</u>**

Plaintiff Securities and Exchange Commission ("Commission") respectfully submits this Memorandum of Points and Authorities in support of its Motion to Disburse Funds to Pay Tax Obligations and to Pay Fees and Expenses of Tax Administrator, and to Close Distribution Fund in this action.

    A.    <u>BACKGROUND</u>

By order dated August 31, 2006, the Court entered Final Judgment as to Defendants Charan R. Behl and Harish K. Pimplaskar in this matter, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Pursuant to the Final Judgment, on or about September 5, 2006, defendant Charan R. Behl paid a total of $194,285.20 of prejudgment interest, disgorgement and penalty to the Clerk of this Court (the "Distribution Fund"). On or about September 8, 2006, defendant Harish K. Pimplaskar, pursuant to the Final Judgment, paid a total of $35,000.00 of

prejudgment interest, disgorgement and penalty to the Distribution Fund. The Distribution Fund was thereafter deposited in an interest-bearing account, account number 1:06-CV-1327, under the case name designation "SEC v. Charan R. Behl and Harish K. Pimplaskar." The Distribution Fund constitutes a Qualified Settlement Fund (QSF) under section 468B(g) of the Internal Revenue Code (IRC), 26 U.S.C. § 468B(g), and related regulations, 26 C.F.R. §§ 1.468B-1 through 1.468B-5.

By order dated October 26, 2006, the Court appointed Damasco & Associates to fulfill the tax obligations of the Distribution Fund.

  B.  THE COMMISSION'S REQUEST FOR AN ORDER TO DISBURSE FUNDS TO PAY TAX OBLIGATIONS AND TO PAY FEES AND EXPENSES OF TAX ADMINISTRATOR

Pursuant to the Court's October 26, 2006 Order, the Tax Administrator, Damasco & Associates, has determined that the Distribution Fund owes a total of $850.00 in tax liability to the United States and to the District of Columbia for the tax year 2007. Declarations to that effect prepared by Damasco & Associates' managing partner, Jude Damasco, are attached to the Motion herewith. The Tax Administrator has also determined that it is owed $2,015.63 for tax services rendered in connection with preparing and filing tax returns for the tax year 2007 and related tax compliance services. A declaration in support of this amount, also prepared by Mr. Damasco, is attached to the Motion filed herewith.

  C.  THE COMMISSION'S REQUEST FOR AN ORDER TO CLOSE THE DISTRIBUTION FUND AND TO TRANSFER THE REMAINING MONIES IN THE DISTRIBUTION FUND TO THE UNITED STATES TREASURY

The SEC also requests that the Court enter an order directing that the remaining monies in the Distribution Fund, after the above-referenced tax obligations and tax services fees are satisfied, be paid into the United States Treasury.

The time is ripe for the Court to order a final disposition of the money in the Distribution Fund. By order dated November 20, 2007, the Court approved Plaintiff's Proposed Plan for Distribution of Disgorged Assets. Pursuant to this order, monies from the Distribution Fund were transferred to victims of the Defendants' unlawful insider trading as identified by Plaintiff. As these victims have now been compensated, the Distribution Fund may now be closed.[1]

---

[1] A portion of the balance in the Distribution Fund will not be returned to defrauded investors because the facts and circumstances of this case make it impracticable to identify all injured parties with quantifiable claims. Distribution of all disgorged monies is not required by statute, and may be impracticable "where numerous victims suffered relatively small amounts ... [or] where the victims cannot be identified ..." *SEC v. Lorin*, 869 F. Supp. 1117, 1129 (S.D.N.Y. 1994) (citations omitted); *see SEC v. Drexel Burnham Lambert, Inc.,* 956 F. Supp. 503, 507 (S.D.N.Y. 1997), *aff'd sub nom. SEC v. Fischbach,* 133 F.3d 170 (2nd Cir. 1997). Where distribution to all injured parties is not feasible or appropriate, the money disgorged by the defendant has been paid to the Treasury. *See, e.g., SEC v. Dimensional Entertainment Corp.*, 1996 WL 107290 (S.D.N.Y. 1996) (ordering payment to Treasury of disgorgement fund of $366,277 in complex fraud case involving unlawful distribution and manipulation of securities); *SEC v. Marcus Schloss & Co., Inc.*, 714 F. Supp. 100 (S.D.N.Y. 1989); *SEC v. Courtois*, [1984-85 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 92,000 (S.D.N.Y. April 11, 1985).

CONCLUSION

The Commission respectfully requests that the Court issue an Order in the form attached hereto ordering the disbursement of funds to pay the Distribution Fund's tax obligations and to pay the fees and expenses of the Tax Administrator, and to then close the Distribution Fund and transfer the remaining balance to the United States Treasury.

Respectfully submitted,

Dated:  December 7, 2007

/s/ Ryan Farney
Ryan Farney [D.C. Bar No. 480888]
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C.  20549-6041
(202) 551-4543
(202) 772-9333 (fax)